UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN PETE                                          CIVIL ACTION

versus                                               NO. 09-3403

ROBERT C. TANNER, WARDEN                             SECTION: "N" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Norman Pete, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On January 14, 2008, he pleaded guilty to two counts of forcible rape and one count of second degree kidnapping in violation of Louisiana law.[1] On that

---

[1] State Rec., Vol. I of II, minute entry dated January 14, 2008; State Rec., Vol. I of II, guilty plea form. The plea form indicates that petitioner intended to enter his pleas pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), thereby reserving his right to appeal certain pretrial rulings. Although the court minutes do not indicate that petitioner in fact entered his pleas pursuant to Crosby, that discrepancy cannot be resolved here because the transcript of the proceeding is not in the record.

same date, he was sentenced on each count to a concurrent term of twenty years imprisonment, with the first two years to be served without benefit of probation, parole, or suspension of sentence. Also on that same date, the state filed a multiple bill of information charging petitioner as a second offender, and he pleaded not guilty to that multiple bill.[2] After several continuances of the multiple offender hearing, petitioner last appeared with counsel for a hearing on July 28, 2008. However, that hearing was not held, and the matter was again continued without date.[3] There is no indication in the state court record of any further action concerning the multiple bill, and it appears that the multiple bill proceedings remain pending.

On or about February 17, 2009, petitioner filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus requesting an opportunity to appeal, dismissal of the multiple bill of information, and transfer of records.[4] That application was denied on May 8, 2009.[5]

While that application was pending, petitioner filed the instant application for federal *habeas corpus* relief on April 14, 2009. In support of his application, petitioner claims:

    1.    Petitioner was denied a fair trial because the victim heard the detective's testimony;

---

[2] State Rec., Vol. I of II, minute entry dated January 14, 2008.

[3] State Rec., Vol. I of II, minute entry dated July 28, 2008.

[4] State Rec., Vol. II of II.

[5] State v. Pete, No. 2009-K-0308 (La. App. 4th Cir. May 8, 2009) (unpublished); State Rec. Vol. II of II.

> 2. Petitioner received ineffective assistance of counsel;
>
> 3. Petitioner was ordered released from custody, but he was not in fact released; and
>
> 4. Petitioner was denied his right to a speedy trial.

## Timeliness

The state argues that petitioner's federal application is untimely. For the following reasons, the Court declines to recommend dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[6] In this case, the state argues that petitioner's criminal judgment became final in 2008 upon entry of his guilty pleas.

However, for AEDPA purposes, an underlying criminal judgment is not considered final until *both* the conviction *and sentence* are final. Burton v. Stewart, 549 U.S. 147, 156-57 (2007); see also United States v. Messervey, 269 Fed. App'x 379, 381 (5th Cir. 2008). Accordingly, federal courts have found that a *habeas* petitioner's criminal judgment is not final under the AEDPA until the conclusion of any related multiple offender proceedings. See, e.g., Swinner v. Cain, Civ. Action No. 06-10694, 2009 WL 2045983, at *2 (E.D. La. July 13, 2009) (Engelhardt, J.); Guidry v. Michael, Civ. Action No. 08-0257, 2008 WL 2510585, at *3-4 (W.D. La. May 13, 2008) (Hill,

---

[6] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

M.J.) (adopted by Haik, C.J., on June 19, 2008), certificate of appealability denied, No. 08-30658 (5th Cir. June 15, 2009); Barbee v. Cain, Civ. Action No. 06-1605, 2008 WL 975048, at *10-11 (W.D. La. Mar. 17, 2008) (Hill, M.J.) (adopted by Melançon, J., on April 8, 2008). In petitioner's case, the multiple offender proceedings are apparently still ongoing. Therefore, arguably, petitioner's federal limitations period has not yet even commenced, much less expired.

## Exhaustion

The state alternatively argues that petitioner's federal application should be dismissed because he has not exhausted his state court remedies. On that point, the state is clearly correct.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

The state contends that petitioner has not sought review of his claims by Louisiana's highest court, the Louisiana Supreme Court. This Court has confirmed that fact. On August 5, 2009, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has not filed any applications with that court concerning these convictions and sentences. Because he has not presented his instant claims to the Louisiana Supreme Court, petitioner has failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Norman Pete** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eleventh day of August, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**